```
UNITED STATES DISTRICT COURT                              DOCKET & FILE
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

ERIC JASON BELL,

            Plaintiff,

    -against-                              MEMORANDUM
                                           AND ORDER
OFFICER MORGAN,                            11-CV-05354 (KAM)(RLM)

            Defendant.
----------------------------------------X
ERIC BELL,

            Plaintiff,                     11-CV-5356 (KAM)(RLM)

    -against-

RIKERS ISLAND,

            Defendant.
----------------------------------------X
ERIC BELL,

            Plaintiff,                     11-CV-5431 (KAM)(RLM)

    -against-

RIKERS ISLAND CORRECTION
FACILITY,

            Defendant.
----------------------------------------X
```

**MATSUMOTO, United States District Judge:**

On October 27 and 28, 2011 and November 1, 2011, respectively, pro se Eric Bell ("plaintiff") filed these three pro se actions pursuant to 42 U.S.C. § 1983 alleging

1

constitutional violations by defendants during his September 17, 2005 arrest and his terms of imprisonment in 2004 and 2006. By Order dated November 28, 2011, plaintiff was directed to show cause within thirty days why these three actions should not be dismissed as time-barred. (*See* ECF No. 3, Memorandum and Order, dated 11/28/2011.) Plaintiff filed a timely response by affirmation on December 28, 2011, stating, "[w]hen I called I.G. 212-266-1900 I [thought they] took them to court I don't know law very well but I was a victim of a crime and I reported it when it took place." (*See* ECF No. 4, Plaintiff's Affirmation, filed 12/28/2011.) For the reasons set forth below, these three actions are dismissed as time-barred.

## DISCUSSION

The court presumes familiarity with its November 28, 2011 Order in which it set forth the standard of review and the background for each of plaintiff's three Complaints. The statute of limitations for a Section 1983 claim arising in New York is three years. *Owens v. Okure*, 488 U.S. 235, 251 (1989) (holding that New York's three-year statute of limitations for general personal injury actions is applicable to Section 1983 actions filed in federal courts in New York); *Patterson v. Cnty. of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004). The statute of limitations may be equitably tolled where the defendant

2

fraudulently conceals from a plaintiff the fact that the plaintiff has a cause of action, or when the plaintiff is induced by the defendant to forego a lawsuit until the statute of limitations has expired. *See Pearl v. City of Long Beach*, 296 F.3d 76, 82-83 (2d Cir. 2002).

The events giving rise to each of plaintiff's Complaints occurred more than three years ago. Specifically, plaintiff's allegations stem from incidents that occurred in 2004, 2005, and 2006, respectively, and his actions were commenced in 2011, respectively seven, six, and five years after the alleged incidents, and four, three, and two years after the statute of limitations expired. Notwithstanding plaintiff's statements that he "called I.G.," that he "[thought they] took them to court," and that he does not "know law very well," (ECF No. 4, Plaintiff's Affirmation, filed 12/28/2011), he has not alleged a basis for equitable tolling. Thus, each of plaintiff's three actions is barred by the statute of limitations and, accordingly, each action must be dismissed.

## CONCLUSION

For the reasons stated above, all three of plaintiff's Complaints are dismissed as time barred. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma*

*pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is respectfully requested to serve plaintiff at his last known address of record and note service on the docket of each of these three actions no later than January 30, 2012. The Clerk of the Court is further respectfully requested to enter judgment in, and to close each case.

**SO ORDERED.**

Dated: Brooklyn, New York
       January 27, 2012

                                              s/KAM

                                        Kiyo A. Matsumoto
                                        United States District Judge
                                        Eastern District of New York